FILED

1

2   ASENCION GINES DOMINGUEZ   2016 JUN 24  AM 10: 31
    1831 W FLORENCE AVE
3   LOS ANGELES CA 90047        CLERK U.S. DISTRICT COURT
    IN PRO SE                   CENTRAL DIST. OF CALIF.
4                                     LOS ANGELES

5                               BY:

6

7

8

9

10              **UNITED STATES DISTRICT COURT**

11             **CENTRAL DISTRICT OF CALIFORNIA**

12             LA CV16 4594-GHK-PLAx

13    ASENCION GINES DOMINGUEZ, an    | **Case No.**
14   individual  "LA SONORA SANTANERA |
     DE CARLOS COLORADO"              | **COMPLAINT FOR:**
15                                    |
16   PLAINTIFF                        | **TRADEMARK INFRINGEMENT;**
                                      | **CONVERSION; TORTIOUS**
17   ABEL DE LUNA, an individual.;    | **INTERFERENCE WITH A**
     RUBEN MONDRAGON, an individual,, | **PROSPECTIVE ECONOMIC**
18   VICTOR PARAMO, an individual,,   | **ADVANTAGE; UNFAIR**
     JULIO FLORES, an individual.;    | **COMPETITION UNDER CAL. BUS.**
19   ENRIQUE FACIO, an individual.;   | **& PROF. CODE 17200 ET SEQ.;**
     PATRICIA GUERRERO, an individual,,| **INJUNTIVE RELIEF**
20   CARE MORE HEALTH SERVICES, INC,  |
     A Suspended California Corporation; and | **DEMAND FOR JURY TRIAL**
21   DOES ONE THROUGH 10.             |

22   DEFENDANTS

23

24

25

26

27                              PAID
                                JUN 2 4 2016
28                         Clerk, US District Court
                               COURT 4672



- 1 -

1      1. Plaintiff ASENCION GINES DOMINGUEZ (Hereinafter referred as "Plaintiff",

2

3 "GINES", "Trademark Registry Owner", "Mr. Dominguez"), hereby complaints and

4 alleges as follows against Defendants ABEL DE LUNA, RUBEN MONDRAGON,

5 VICTOR PARAMO, JULIO FLORES, ENRIQUE FACIO, PATRICIA GUERREROE

6

7 and CARE MORE HEALTH SERVICES, INC. " and DOES 1-10 (Hereinafter

8 commonly referred as "DEFENDANTS"): Plaintiff alleges with personal knowledge as

9 to his own acts and upon information and belief as to the acts of others, as follows:

10

11

12 **JURISDICTION AND VENUE**

13 2. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331 for original

14
jurisdiction over otherwise have. Federal Claims in that this action arises under a

15
claim for trademark infringement. The Court has supplemental jurisdiction over the

16

17 claims in this Complaint which arise under state statutory and common law pursuant

18
to 28 U.S.C. 1367(a) because the state law claims are so related to the Federal Claim

19
that they form part of the same case or controversy and derive from a common

20

21 nucleus of operative facts. This action is not a collusive actin designed to confer

22
jurisdiction n a Court of the United States that it would not otherwise have.  This

23
Court has jurisdiction over this action pursuant to 28 U.S.C. 1332 for original

24

25 jurisdiction over civil action where the matter in controversy exceeds to the sum and

26
value of $75,000 and is between citizens of different states. This action is not a

27

28

collusive action designed to confer jurisdiction on a Court of the United States that it would not otherwise have.

3. The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because they have a continuous, systematic, and substantial presence within this judicial district.

4. The Plaintiff is informed and believes, and thereon alleges that this Court has personal jurisdiction over the Defendants because the Defendants also did business in this judicial district, prior to the date hereof, with respect to the causes of action on which the complaint is based, such as converting the Plaintiff's property under the assumption of performing services.

5. The Plaintiff is informed and believes, and thereon, and thereon alleges that this Court has a personal jurisdiction over the Defendants because the Defendants also took action which caused effects here in this judicial district such as converting Plaintiff property.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. 1391(b) and (c) and 1400(a) because Defendants reside in this district, conduct business in this district,

and a substantial part of the events giving rise to the causes of action in this complaint occurred in this district.

## II. PARTIES

### A. Plaintiff

7. Plaintiff Mr. Asencion Gines Dominguez (hereinafter referred as "Plaintiff", "Band Owner:, "Musical Director,") is, and at all times herein is the true owner of the United States Patent Trademark Office (Hereinafter referred as "USPTO") Trademark Register name Brand Band commonly known as "LA SONORA SANTANERA DE CARLOS COLORADO" (Hereinafter referred as "SONORA SANTANERA") Band and trade name with Trademark registry No. 86801779 registered on October 28, 2015 SEE EXHIBIT "A" CERTIFICATE OF REGISTRY ATTACHED HERETO.

### B. Defendants

8. Defendants: ABEL DE LUNA (Hereinafter referred as "ABEL") has never been a band member, nor has he ever made any musical composition of his own, ABEL claims to be the owner of an Unauthorized Bastardized Version called "SONORA SANTANERA DE CARLOS COLORADO" SEE EXHIBIT "C" ATTACHED HERETO with no trademark registry of his own in a clear and direct violation of the Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B) , Plaintiff has repeatedly asked

ABEL,  to stop using the "LA  SONORA SANTANERA" name on his events involving a band of imitator performing  live to which he charges on average $7,500.00 always Misrepresenting himself to Promoters and Fans as a True Owner of "SONORA SANTANERA DE CARLOS COLORADO"  ABEL'S  goes on  to make Live Presentations throughout the USA Defendant ABEL continues to operate or do business in Los Angeles County, The State of California and The United States of America.

9. Defendants:  RUBEN MONDRAGON (Hereinafter referred as "RUBEN" ) was the at one point a band member but made no musical composition of his own, is now a Band Leader of an Unauthorized Bastardized Version called  "SONORA SANTANERA" with no  trademark registry  in a clear and direct violation of the Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B) , despite the fact that Plaintiff has repeatedly asked  RUBEN  to stop using the "SONORA SANTANERA" name on his live performances to which he charges on average $7,500.00 always Misrepresenting himself to Promoters and Fans as a True Owner of "SONORA SANTANERA" Band RUBEN goes on to make Live Presentations throughout the USA Defendant RUBEN continues to operate or do business in Los Angeles County, The State of California and The United States of America.

.

10. Defendant: JULIO CESAR FLORES VILLEAS   (Hereinafter referred as "JULIO") was the at one point a band member but made no musical composition of his own, Is now a part of Defendant ABEL's Pirate Band  version of "SONORA SANTANERA"  and with no trademark registry of their own other themselves naming and representing themselves as the real product part of the Unauthorized band SEE EXHIBIT "C" ATTACHED HERETO "SONORA SANTANERA" FLYER in direct violation of the Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B) depite the fact that Plaintiff has repeatedly asked Julio to stop using the "SONORA SANTANERA" name on his live performances to which he charges on average $2,500.00 always Misrepresenting himself to Promoters and Fans as a True "SONORA SANTANERA" Band JULIO goes to make Live Presentations throughout the USA Defendant JULIO continues to operate or do business in Los Angeles County, The State of California and the Rest of The United Stated of America.

11. Defendant: VICTOR PARAMO (Hereinafter referred as "VICTOR") was the at one point a band member but made no musical composition of his own, is now the new lead singer of the Unauthorized Band "SONORA SANTANERA" as well as the sub-bastardize band "LOS SANTANEROS" both in direct violation of the Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B) despite the fact that Plaintiff has repeatedly asked VICTOR to stop using the "SONORA SANTANERA" name on his live performances to which he charges on average $2,500.00 always Misrepresenting

himself to Promoters and Fans as a True "SONORA SANTANERA" Band JULIO has

continue to make Live Presentations throughout the USA Defendant continues to

operate or do business in Los Angeles County, The State of California and The United

States of America.

12. Defendant: VALENTIN ENRIQUE FACIO (Hereinafter referred as "ENRIQUE")

was not a band member nor did he ever but made musical composition of his own,

claims now to be the new Owner Band Promoter/Assistant Director and Performer of

the "SONORA SANTANERA DE CARLOS COLORADO" with no trademark name

of his own in a clear and direct violation of the Lenham Act pursuant to 15 U.S.C

1125(a)(1)(B) despite the fact that Plaintiff has repeatedly asked ENRIQUE to stop

using the "SONORA SANTANERA DE CARLOS COLORADO" name on his

bookings, promotions, Print Flyers and Facebook page or any other medium to no

avail it seems the Defendant ENRIQUE appears to be oblivious to the Laws of the

Land as RUBEN continues to use the name "SONORA SANTANERA" on his

presentations throughout the USA Defendant continues to operate or do business in

Los Angeles County, The State of California and the United States of America.

13. Defendants: PATRICIA GUERRERO (Hereinafter referred as "PATRICIA") is

not a musician, nor has she ever been a band member, nor has she ever made any

musical composition of her own, PATRICIA claims to be the owner of an

Unauthorized Bastardized Version called "SONORA SANTANERA DE ORO" with no trademark registry of her own in a clear and direct violation of the Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B), Plaintiff has repeatedly asked PATRICIA, to stop using the "LA  SONORA SANTANERA DE ORO" name on her events involving a band of imitator performing live to which she charges on average $7,500.00 always Misrepresenting herself to Promoters and Fans as a True "SONORA SANTANERA DE ORO" PATRICIA'S SEE EXHIBIT "B" SONORA SANTANERA DE ORO ATTACHED HERETO goes on to make Live Presentations throughout the USA Defendant PATRICIA continues to operate or do business in Los Angeles County, The State of California and The United States of America.

14. Plaintiff will present a series of Exhibits that will present these undeniable facts beyond the shadow of doubt that the defendants collectively have been obtaining illicit payment for their unauthorized use of the Trademark name "SONORA SANTANERA"

15. Defendant: CARE MORE HEALTH SERVICES, INC. (Hereinafter referred as "CARE MORE") a suspended State of California Corporation that has been a major supporter and sponsor of Defendant PATRICIA GUERRERO's.

despite the fact that Plaintiff has repeatedly asked CARE MORE to stop supporting

and sponsoring Defendant's pirate band "SONORA SANTANERA DE ORO" as the

CARE MORE logo is displayed on flyers along side of PATRICIA"s band on

bookings, promotions, Print Flyers and facebook page or any other medium to no

avail it seems the Defendant CARE MORE appears to be oblivious to the Laws of the

Land. With no trademark registry of Their own in a clear and direct violation of the

Lenham Act pursuant to 15 U.S.C 1125(a)(1)(B) .

16. All the above mentioned individual Defendants (Hereinafter referred to as

"DEFENDANTS", )  are sued under fictitious names. Their true names and capacities

are unknown to Plaintiff. When their true names and capacities are ascertained,

Plaintiff will amend this complaint by inserting their true names and capacities herein.

17. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

named Defendants is responsible in some manner for the occurrences herein alleged,

and that Plaintiff's damages as herein alleged were proximately caused by those

Defendants.

II.

18. Plaintiff is ignorant of the true identity and capacity of defendants designated as

DOES 1-10, but will amend the Complaint when their identities have been

ascertained   according to proof at the time of trial. Plaintiff alleges on information and belief, however, that each and every DOE defendant is in some manner responsible for the acts, and conduct of other defendants, and were, and are responsible for the injuries, damages, and harm, incurred by Plaintiff. Plaintiff further alleges on information and belief that each such designated   defendant acted, and acts, as the authorized agent, representative, and associate of other defendants in doing the things alleged herein.

19. Whenever reference is made in this Complaint to any act of any defendant(s), that allegation shall mean that each defendant acted individually and jointly with the other defendants.

20. Any allegation about acts of any corporate or other business defendant means that the corporation or other business did the acts alleged through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

21. At all relevant times, each defendant committed the acts, caused or directed others to commit the acts, or permitted others to commit the acts alleged in this Complaint. Additionally, some or all of the defendants acted as the agent of the other

defendants, and all of the defendants acted within the scope of their agency if acting as an agent of another.

22. At all relevant times, each defendant knew or realized that the other defendants were engaging in or planned to engage in the violations of law alleged in this Complaint.  Knowing or realizing that other defendants were engaging in or planning to engage in unlawful conduct, each defendant nevertheless facilitated the commission of those unlawful acts. Each defendant intended to and did encourage, facilitate, or assist in the commission of the unlawful acts, and thereby aided and abetted the other defendants in the unlawful conduct.

23. Plaintiff is informed and believes and thereon alleges that the individual Defendants dominated and controlled the business affairs of the entity Defendants and each of them. As a result, adherence to the fiction of a separate existence between such Defendants would permit and abuse the Trademark name SONORA SANTANERA including but not limited to sanctioned fraud and promoted injustice.

24. Plaintiff is informed and believes and thereon alleges that the Court can hold the individual Defendants individually liable of the improper activities.

25. Based on the foregoing, Plaintiff is informed and believes and thereon alleges that the Defendants are the alter egos of the individual Defendants and each other,

therefore, Plaintiff may proceed against all such respective Defendants directly, as they are each liable jointly and severally for any and all damages suffered by Plaintiff.

26. Plaintiff is informed and believes and thereon alleges that Defendant Abel is the owner of Luna Music as well as Luna Management Defendant Abel is not a musician but claims to be a music producer-promoter, Plaintiff is informed and believes and thereon alleges that Defendant Abel is no stranger the protocols that exist in the music industry, such as Band Name Impersonation or using cover band musicians and representing them as the real deal when in reality they would nothing less than a Pirate Band Version, while at the same time, selling them to the general public as the real product and in the process infringing and diluting the Band Name "SONORA SANTANERA

27. All the above mentioned individual Defendants (Hereinafter referred to as "DEFENDANTS") are sued under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein.

28. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged,

and that Plaintiff's damages as herein alleged were proximately caused by those

Defendants

29. The true names and capacities, whether individual, corporate, associate, or

Otherwise, of Defendants DOES 1 through 10 are unknown to Plaintiff, who therefore

sues said Defendants by such fictitious names pursuant to Code of Civil Procedure

section 474.

30.  Plaintiff alleges that each of said fictitious Defendants is in some manner

Responsible for the act not discover Defendants' actions

31. In the alternative, Defendants should be estopped from relying on any statutes of

limitation. Defendants owed Plaintiff an affirmative duty of full and fair disclosure,

but knowingly failed to honor and discharge such duty. Finally, any statutes of

limitation do not bar Defendants' conduct because Defendants' conduct constitutes an

ongoing violation of Plaintiff's rights, which continues to the present.

**Effect of Defendant's Unlawful Use of Plaintiff's Trademarks**

32. Through his unlawful use of the "SONORA SANTANERA" Mark, Defendants

seeks to cause, have caused, and are causing to consumers, including booking agents,

theaters, arenas and the press, in addition to the general public, to be deceived into

believing that Defendants' musical performances either originate with Plaintiff as the

source, or are otherwise sponsored or endorsed by Plaintiff. As a result of the

Defendants' conduct, Plaintiff has been injured by the lack of work he has not been

able to obtain contracts to perform live with his band due to the fact that the

Defendants will work for a fee half or less than what Plaintiff will charge for his

services and the loss of revenue associated with the constant violations by the

Defendants as they seem to be oblivious to Lenham Act persuat to 15 U.S.C 1125(a)

(1)(B), has been devastating for Plaintiff. Were Plaintiff would previously get

excellent music booking averaging $15,000.00 per event of "LA SONORA

SANTANERA DE CARLOS COLORADO" with a clear and loyal fan base

throughout the USA who attend to his band and Trademark as the dully authorized

band "LA SONORA SANTANERA DE CARLOS COLORADO" Concerts. But as

the Defendants continue to promote themselves as the "SONORA SANTANERA"

deceiving the general public into thinking they are paying to see "SONORA

SANTANERA" and instead are deceived by the Defendants who maliciously Omits

the fact that they are not the "LA SONORA SANTANERA", the Deception by the

Defendants is accented by the their use of the Same logotype lettering and emblems used by Plaintiff, as well as the in some cases their use of pictures of the Plaintiff in posters and flyers advertising ""LA SONORA SANTANERA" live performance concert, Now a unsuspecting Band fan may be disappointed by the lower musical qualities displayed by the Defendants as they would hire musicians who will simply substitute the real Band members by simply dressing in the same manner as the real "LA SONORA SANTANERA" band these and other  misrepresentations should be enjoined as a form of piracy and deceitful acts of infringement by the Defendants where they think of themselves first while collecting illicit profits from unsuspecting people who attend "LA SONORA SANTANERA" Concerts, it will be in the Publics' best interest if the Defendants a enjoined to continue with their deceitful acts, or in the interring if they represent themselves as musician without using the Trademark name "LA SONORA SANTANERA" and allow the public to decide if they would  be willing to pay money to see them perform their craft, where no harm would be done to Plaintiff, after all music is an art for the enjoyment of the senses , now tarnished by the Defendants ae Impostors whom have been  significantly damaging Plaintiff.

33. Defendants' musical performances are sold to the same market of consumers that is the target population of Plaintiff's musical performances and are offered through the same channels of trade.

34. Plaintiff has no control over the quality of the Defendants' musical performances. As a consequence, the favorable reputation and goodwill that Plaintiff has developed in its valuable "LA SONORA SANTANERA" Marks is in jeopardy as a result of Defendants' use of those marks.

35. Defendants' use of the "LA SONORA SANTANERA" Marks has resulted in actual confusion and will certainly continue to result in widespread consumer confusion as to the source, affiliation, connection or association of Defendants' musical performances with Plaintiff.

36. Plaintiff has suffered and will continue to suffer irreparable harm to its invaluable "LA SONORA SANTANERA DE CARLOS COLORADO" Marks as a result of Defendants' use of them in connection with his musical performances. Damages not limited to lost revenue totaling approximately $550,000.00

37. Plaintiff brings this action to seek redress for the continuing willful infringements of the "LA SONORA SANTANERA DE CARLOS COLORADO" Marks by the Defendants. Plaintiff seeks a permanent injunction, damages, and attorney's fees from Defendants for his improper efforts to confuse consumers and wrongfully profit from Plaintiff goodwill in the "LA SONORA SANTANERA DE CARLOS COLORADO" Mark. Plaintiff has file for and obtained a Trademark Registry of "LA SONORA

SANTANERA DE CARLOS COLORADO" SEE EXHIBIT "A" ATTACHED

HERETO, Plaintiff has a valid, protectable trademark, that the defendants' have

repeatedly used colorable imitation of the trademark on their live presentations SEE

EXHIBIT "F" PATRICIA GUERRERO SONORA SANTANERA DE ORO;

EXHIBIT "B", said mention attachments are part of a long list of Exhibits Plaintiff

would gladly present to this court as demonstrative material to show how the

Defendants' Deliberate and Maliciously acts are likely to cause confusion among

consumers." Lone Star, 43 F.3d at 930. Plaintiff has used professionally used his

established and valid trademark registry and is dully and legally authorized to use the

name "LA SONORA SANTANERA DE CARLOS COLORADO" the Defendants'

unregistered marks. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 120 L.

Ed. 2d 615, 112 S. Ct. 2753 (1992); Hanover Star Milling Co. v. Metcalf, 240 U.S.

403, 60 L. Ed. 713, 36 S. Ct. 357 (1916).


38. Specifically, Defendants ABEL, JULIO, VICTOR, ENRIQUE, PATRICIA and

RUBEN are advertising and otherwise promoting their musical Performances at

venues nationwide under the infringing name and mark "LA SONORA

SANTANERA DE CARLOS COLORADO"   (and/or similar names and marks). By

virtue of these conduct,  the Defendants seek to mislead both concert promoters and

the general public into wrongly believing that their musical performances are

affiliated with, or indeed feature, the band name "LA SONORA SANTANERA DE

CARLOS COLORADO" at the expense and harm of Plaintiff causing him to lose revenue.

39. Defendants' unlawful use of the infringing name and mark OF "LA SONORA SANTANERA DE CARLOS COLORADO" has caused and is causing consumers to be deceived into believing that Plaintiff is associated with Defendant's solo musical performances, and that these performances derive from the same source or sponsor as Plaintiff or are otherwise endorsed by the Plaintiff Unless these acts of infringement are enjoined, they will continue to cause irreparable harm to the hard-earned and invaluable reputation and goodwill of Plaintiff and the "LA SONORA SANTANERA DE CARLOS COLORADO" Mark.

40. In Defendant's infringing mark, the word "LA SONORA SANTANERA" is displayed with equal prominence — *i.e.,* in the same font size, typeface and color — as the words "LA SONORA SANTANERA".

41. Defendants utilizes this infringing name and mark extensively throughout their Promotional materials for their musical performances, and have encouraged concert promoters to advertise their shows with this same infringing name and mark.

42. The promotional materials for Defendants' concert performances do not inform

Consumers that Defendants are no longer a member of, or that same of them were never members of "LA SONORA SANTANERA DE CARLOS COLORADO". Nor do these materials contain any other language of disclaimer that would inform consumers that Defendant's musical performances are in no way sponsored by or affiliated with the band "LA SONORA SANTANERA DE CARLOS COLORADO".

FACTUAL ALLEGATIONS

43. Plaintiff the owner by purchase and assignment of certain trademark for merchandise and services Mark for music services made up of words Mark and stylized design Mark commonly known as "SONORA SANTANERA" (Collectively the "Mark".)

44. On Date of registration October 28, 2015 were register with registration No. 86801779 respectively, (the "Mark" with United States Patent and Trademark Office (USPTO).

45. The Mark has a registration since that time and have not been abandoned, canceled or revoked.

46. The mark include the Federal Registration trademark as well as the common law rights

47. The late Carlos Colorado funded the Band since 1955, but it was until 1960 when the Band and started Playing widely, and up to the present, the Mark has been extensively developed, promoted, advertised, and marketed.

48. Plaintiff has spent significant amounts of money and resources developing, promoting, and advertising the mark so that the public recognizes the services and goods associated with Mark, and recognizes the Mark come from Plaintiff.

49. As a result of the widespread use and display of each of the Marks as a distinctive trademark identifying, inter alia, merchandise and music services (a) the public has come to recognize and identify services and goods bearing an of the Mark as emanating from Plaintiff; (b)the public recognizes that services and goods bearing any of the Mark constitute high quality, dependable services and goods that conform to the standards of quality and care created by Plaintiff, and (c) each of the Mark has established strong meaning and extensive goodwill throughout the US among music fans and aficionados.

50. Plaintiff owns various social media accounts, such as Facebook and Twitter, (Collectively "Social Media Accounts") which contain and use the Mark for the music group associated with the Mark (the "Band").

51. The Band was formed in 1958. Since 1958, the Band has had different lineups of musicians but he original leader was the late Carlos Colorado who in turn before he died he had designated a heir to all his musical composition as well as to all his lyrical

creations said heir was his wife and now widow Yolanda Colorado who in turn has her daughter Norma Colorado Almazan as Power of Attorney and they both Assigned Special Power of Attorney to Asencion Gines Dominguez as the designated leader of the Band with the Power to Perform Live and Profit from the Commercial use of the Band name "SONORA SANTANERA DE CARLOS COLORADO" including but not limited to all the songs and musical composition created by the late Carlos Colorado.

52. Plaintiff is informed and believes, and thereon alleges that the Defendants knew that the Plaintiff has owned the Mark via purchase and assignment since October 28, 2015.

53. Plaintiff is informed and believes, and thereon alleges that the Defendants knew that each of them had no ownership interest in and to the Mark since October 28, 2015.

54. Plaintiff is informed and believes, and thereon alleges that the Defendant RUBEN MONDRAGON has a band that performs around the Country under the name "SONORA SANTANERA DE CARLOS COLORADO" and plays the songs of "SONORA SANTANERA", and has done so since at least 2014.

55. Plaintiff is informed and believes, and thereon alleges that the Defendant RUBEN refers to RUBEN publically for marketing, promotions, advertising, and for general

purposes as "The other Voice of SONORA SANTANERA to secure shows for himself his band, customers, recognition, fans, sales of merchandise and sales of his services.

56. Plaintiff is informed and believes, and thereon alleges that the Defendant RUBEN offers the public, promoters, venues, and other musicians' services as a musician, producer, song writer, and use of recording studio.

57. Defendant RUBEN has been using trademark name that belongs to Plaintiff, Defendant RUBEN has been using Plaintiff's trademark to promote the sale services and merchandize without Plaintiff's permission or authorization.

58. Plaintiff is informed and believes, and thereon alleges that the Defendant RUBEN has made the aforementioned uses of the Mark intentionally, with knowledge and deliberated disregard, in order to draw SONORA SANTANERA fans away from Plaintiff's Band Shows, to secure performances and venues so that Plaintiff's band could not secure those same performances and venues, to confuse consumers, promoters, and venues to believe that RUBEN is the owner of SONORA SANTANERA or is some was affiliated, associated, endorsed or sponsored by Plaintiff.

59.   Plaintiff is informed and believes, and thereon alleges that the Defendant VALENTIN ENRIQUE FACIO has a band that performs around the Country under

the name "SONORA SANTANERA DE CARLOS COLORADO" and plays the

songs of "SONORA SANTANERA", and has done so since at least 2013.

60. Plaintiff is informed and believes, and thereon alleges that the Defendant refers to

ENRIQUE publically for marketing, promotions, advertising, and for general

purposes as "The owner of SONORA SANTANERA to secure shows for himself his

band, customers, recognition, fans, sales of merchandise and sales of his services.

61. Plaintiff is informed and believes, and thereon alleges that the Defendant

ENRIQUE offers the public, promoters, venues, and other musicians' services as a

musician, producer, song writer, and use of recording studio.

62. Defendant ENRIQUE has been using trademark name that belongs to Plaintiff,

Defendant ENRIQUE has been using Plaintiff's trademark to promote the sale

services and merchandize without Plaintiff's permission or authorization.

63. Plaintiff is informed and believes, and thereon alleges that the Defendant

ENRIQUE  has made the aforementioned uses of the Mark intentionally, with

knowledge and deliberate disregard, in order to draw SONORA SANTANER fans

away from Plaintiff's Band Shows, to secure performances and venues so that

Plaintiff's band could not secure those same performances and venues, to confuse

consumers, promoters, and venues to believe that RUBEN is the owner of SONORA

SANTANERA or is some was affiliated, associated, endorsed or sponsored by

Plaintiff.

64.   Plaintiff is informed and believes, and thereon alleges that the Defendant ABEL DE LUNA has a band that performs around the Country under the name "SONORA SANTANERA DE CARLOS COLORADO" and plays the songs of "SONORA SANTANERA", and has done so since at least 2014.

65. Plaintiff is informed and believes, and thereon alleges that the Defendant refers publically for marketing, promotions, advertising, and for general purposes as "The true owner of SONORA SANTANERA to secure shows for himself his band, customers, recognition, fans, sales of merchandise and sales of his services.

66. Plaintiff is informed and believes, and thereon alleges that the Defendant ABEL offers the public, promoters, venues, and other musicians services as a Band owner-Promoter, producer.

67. Defendant ABEL   has been using trademark name that belongs to Plaintiff, Defendant ABEL has been using Plaintiff's trademark to promote the sale services and merchandize without Plaintiff's permission or authorization.

68. Plaintiff is informed and believes, and thereon alleges that the Defendant ABEL has made the aforementioned uses of the Mark intentionally, with knowledge and deliberated disregard, in order to draw SONORA SANTANER fans away from Plaintiff's Band Shows, to secure performances and venues so that Plaintiff's band could not secure those same performances and venues, to confuse consumers, promoters, and venues to believe that ABEL is the owner of SONORA SANTANERA or is some was affiliated, associated, endorsed or sponsored by Plaintiff.

69.   Plaintiff is informed and believes, and thereon alleges that the Defendant PATRICIA GUERRERO has a band that performs around the Country under the name "SONORA SANTANERA DE ORO" and plays the songs of "SONORA SANTANERA", and has done so since at least 2015.

70. Plaintiff is informed and believes, and thereon alleges that the Defendant refers publically for marketing, promotions, advertising, and for general purposes as "The owner of the "SONORA SANTANERA" to secure shows for herself and her band, customers, recognition, fans, sales of merchandise and sales of his services.

71. Plaintiff is informed and believes, and thereon alleges that the Defendant PATRICIA offers the public, promoters, venues, and other musicians services as , promoter-band owner, producer.

72.   Plaintiff is informed and believes, and thereon alleges that the Defendant VALENTIN ENRIQUE FACIO  has a band that performs around the Country under the name "SONORA SANTANERA DE CARLOS COLORADO" and plays the songs of "SONORA SANTANERA", and has done so since at least 2014.

73. Plaintiff is informed and believes, and thereon alleges that the Defendant RUBEN refers to ENRIQUE publically for marketing, promotions, advertising, and for general purposes as "The other Voice of SONORA SANTANERA" to secure shows for